**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. CR 09-0170 JB

JOSE BERMUDEZ-NAVA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Unopposed Motion to Withdraw as Counsel and Appoint New Counsel, filed March 23, 2009 (Doc. 24). The Court held a hearing on April 30, 2009. The primary issue is whether the Court should permit Defendant Jose Bermudez-Nava's attorney, Erlinda Johnson, to withdraw from representation of Bermudez-Nava. For the reasons stated at the hearing, and for other reasons consistent with those already stated, the Court will deny the motion.

## PROCEDURAL BACKGROUND

On February 2, 2009, Ms. Johnson was appointed to represent Bermudez-Nava. In her initial meeting with Bermudez-Nava, Ms. Johnson attempted to explain the discovery, the pending charges, and the potential incarceration that he was facing. Although he was apprehensive and reluctant, Bermudez-Nava indicated that he understood his situation and that wished to enter a guilty plea. Accordingly, on March 9, 2009, Bermudez-Nava pled guilty to illegal re-entry.

On March 20, 2009, Ms. Johnson was present with Bermudez-Nava for a pre-sentence report interview. During the interview, Bermudez-Nava was uncooperative and had difficulty communicating with Ms. Johnson. Ms. Johnson attempted to discuss the purpose of the interview

with Bermudez-Nava, but was unable to communicate properly. Ultimately, communication broke down to such a degree that the United States Probation Officer was not able to complete the pre-sentence report interview.

In the motion, Ms. Johnson argues that it is necessary to appoint new counsel because she cannot effectively represent Bermudez-Nava, given the break-down of communication and trust that she believes has occurred. The United States has been contacted and does not oppose the motion to withdraw.

At the April 30, 2009 hearing, the Court excused Assistant United States Attorney Mary Catherine McCulloch from the courtroom to further discuss the details of the attorney-client relationship between Johnson and Bermudez-Nava. See Transcript of Hearing at 3:11-12 (taken April 30, 2009)(Court)("Tr.").[1] When Ms. McCulloch returned to the courtroom, the Court informed her that Bermudez-Nava and Ms. Johnson had agreed that, for the time being, Ms. Johnson would continue the representation. See id. at 12:23-25 (Court). The Court also stated that it would work with Probation to have a Spanish-speaking probation officer conduct the pre-sentence report interview in Albuquerque rather than by telephone.

## ANALYSIS

The Court believes that the discussion at the hearing was sufficient to resolve this motion. At the hearing, Bermudez-Nava expressed his desire for Ms. Johnson to continue representing him, and Ms. Johnson indicated that she would be willing to do so. To facilitate communications between Bermudez-Nava and Ms. Johnson, and to make sure the pre-sentence report interview is completed, the Court expressed a willingness to work with the United States Probation Office to set

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

up the pre-sentence report interview in person in Albuquerque with a Spanish-speaking probation officer.  Pursuant to their agreement to continue the representation, the Court will deny the motion to withdraw.  The Court requests that the Probation Office make an effort to accommodate Bermudez-Nava and Ms. Johnson on this issue.  The Court also requests that United States Marshals determine whether Bermudez-Nava needs additional medical attention so that he can focus on answering the probation officer's questions.

At the same time, the Court orders Bermudez-Nava to cooperate with the probation officer and to answer the questions that are posed so that the probation officer can timely prepare the pre-sentence report.  If Bermudez-Nava refuses to cooperate, the Probation Office may not be able to prepare the pre-sentence report in a timely manner.  The result would be further delay in determining the proper sentence.  Thus, Bermudez-Nava needs to cooperate with the Probation Office and he needs to answer the questions that it poses to him in preparing the pre-sentence report.

**IT IS ORDERED** that  the Unopposed Motion to Withdraw as Counsel and Appoint New Counsel is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
   United States Attorney
Mary Catherine McCulloch
John C. Anderson
   Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Erlinda O. Johnson
Attorney at Law
Albuquerque, New Mexico

*Attorneys for the Defendant*

-3-